*When proceedings are stayed for the non-payment of costs — sec. 461, Code of Civil Procedure, relating to parties prosecuting and defending as poor persons — construction of.*

The sections of the Code of Civil Procedure, viz., 458 to 467, relating to parties prosecuting and defending as poor persons (the first five sections of which consist of the provisions of the Revised Statutes amended), do not exempt the party from the payment of costs which accrue in the action prior to leave granted to prosecute in *forma pauperis.*

No provision is made by the new Code differing from the Revised Statutes for the non-payment of costs in *the* action, viz., in the *present* action.

If the party proceed without obtaining such leave, the subsequent application does not relate back (*See S. C., ante,* 24).

The proceeding by appeal is not a cause of action within these provisions, and is not embraced in the liberty contemplated.

*Special Term, January,* 1878.

Tʜᴇ plaintiff made a motion "*for leave that the plaintiff may continue to prosecute this action as a poor person, and that the costs heretofore awarded against the plaintiff in this cause be either canceled off the records or remain on the records, and the payment thereof abide the event.*" The action is brought by the plaintiff to "*reform a certain deed or conveyance obtained by the defendant by fraud, trick and device.*" The answer of the defendant denied all the allegations of "fraud, trick and device," and alleged that the property in question was held by the defendant, *first,* by a valid, *bona fide* deed of conveyance, and, *second,* under and by virtue of a last will and testament. Various motions were made by the plaintiff at special term, which were denied, with costs against her.

Lyons agt. Murat.

*Ferdinand S. Hahn*, for plaintiff, in support of the motion, cited sections 458 to 467 of the new Code, which provide for parties prosecuting and defending as poor persons, and argued that these humane and liberal provisions of the new law were now extended to cases like the one in suit, where a poor person is required to prosecute for her right to property unjustly withheld from her.

*Messrs. George F. & J. C. Julius Langbein*, in opposition, argued that section 779 of the new Code, relating to the non-payment of costs, had already received judicial interpretation, and cited *Thaule* agt. *Frost* (1 *Abbott's New Cases*, 298), *Hazard* agt. *Wilson* (3 *id.*, 50), and *Lyons* agt. *Murat* (54 *Howard*, 24), wherein it was held that non-payment of costs, *ipso facto*, stays all proceedings. They also referred to a note made by Montgomery H. Throop, one of the commissioners of the new Code, to section 779. They further argued that the sections of the new Code relating to poor persons did not apply to this case; that no provisions were made by these sections to enable a party against whom costs are *already* awarded to enable her to avoid the payment of these costs, or to proceed in her action without paying the same. Section 461 reads that a person shall not be prevented from prosecuting an action "*by reason of his being liable for the costs of a former action brought by him against the same defendant*," and therefore no provision was made by the new law differing from the Revised Statutes for the non-payment of costs in *the* action, viz., in the *present* action.

BRADY, *J.* — I think the provisions of the Revised Statutes do not exempt the party from the payment of costs which accrue prior to leave granted to prosecute in *forma pauperis*. If the party proceed without obtaining such leave, the subsequent application does not relate back. The proceeding by appeal is not a cause of action within these provisions, and is not embraced in the liberty contemplated. The preliminary objection is therefore sustained.

Motion denied, with costs.